**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

PEOPLE PICTURES, LLC,

      Plaintiff,

          v.                       Civil Action No. 11-1968 (JEB/JMF)

GROUP OF PARTICIPANTS IN
FILESHARING SWARM IDENTIFIED
BY HASH:
43F4CFD05C115EE5887F680B0-
CA73B1BA18B434A,

      Defendants.

**MEMORANDUM OPINION**

This case was referred to me for full case management.  Currently pending and ready for

resolution is plaintiff's Motion for Leave to Take Expedited Discovery [#4].

Plaintiff, People Pictures, LLC, is the owner of the copyright for the motion picture "The

People I've Slept With".  Plaintiff's Original Complaint [#1] ¶1.  According to plaintiff,

numerous individuals illegally downloaded and distributed its film over the Internet, in violation

of the Copyright Act of 1976, 17 U.S.C. § 101 *et seq.* (2010).[1]  Id. ¶¶4, 8.  At the time the law suit

was filed, plaintiff did not know the identities of these individuals. Id. ¶2.  Plaintiff did, however,

know the Internet Protocol ("IP") address of the computers associated with the alleged

infringers.  Id.

In its current motion, plaintiff seeks to conduct expedited discovery [prior to the Rule

26(f)[2]] conference so that it may learn the identity of these individuals and thereafter amend its

---

[1] All references to the United States Code or the Code of Federal Regulations are to the
electronic versions that appear in Westlaw or Lexis.

[2] Fed. R. Civ. P. 26(f).

complaint to reflect the same. [#1] at 2.  Specifically, plaintiff seeks leave to serve Rule 45 subpoenas on the various Internet Service Providers ("ISP") associated with the previously identified IP addresses, in order to obtain "the true name, address, telephone number, e-mail address and Media Access Control ("MAC") address of each subscriber that it has identified to date and those it identifies in the future during the course of this litigation." Id.  In addition, if the ISP identifies an intermediary ISP as the entity providing online services, plaintiff seeks leave to serve the subpoena on that ISP. Id.

Plaintiff therefore seeks what is in essence jurisdictional discovery.  Pursuant to Rule 26 of the Federal Rules of Civil Procedure, although "[a] party may not seek discovery from any source before the parties have conferred as required by Rule 26(f)," they may do so "when authorized . . . by court order." Fed. R. Civ. P. 26(f).  Such authorization, however, must be based on a showing of "good cause". Fed. R. Civ. P. 26(d)(1).  "[I]n order to get jurisdictional discovery[,] a plaintiff must have at least a good faith belief that such discovery will enable it to show that the court has personal jurisdiction over the defendant." Caribbean Broad. Sys. Ltd. v. Cable & Wireless PLC, 148 F.3d 1080, 1090 (D.C. Cir. 1998).  Furthermore, it is well within the court's purview under Rule 26 to impose reasonable limitations on discovery when "the burden or expense of the proposed discovery outweighs its likely benefit". Fed. R. Civ. P. 26(b)(2)(c). See also Linder v. Dep't of Def., 133 F.3d 17, 24 (D.C. Cir. 1998) ("Whether a burdensome subpoena is reasonable 'must be determined according to the facts of the case,' such as the party's need for the documents and the nature and importance of the litigation.") (internal quotation omitted); In re Micron Tech., Inc. Sec. Litig., 264 F.R.D. 7, 9 (D.D.C. 2010) ("The 'undue burden' test requires district courts to be 'generally sensitive' to the costs imposed on

third parties . . .") (internal quotations omitted); <u>N.C. Right to Life, Inc. v. Leake</u>, 231 F.R.D. 49,

51 (D.D.C. 2005) ("While quashing a subpoena goes against courts' general preference for a

broad scope of discovery . . . limiting discovery is appropriate when the burden of providing the

documents outweighs the need for it.").

Plaintiff's cause of action, tortious copyright infringement,[3] is brought under a federal

statute, the Copyright Act.  The Copyright Act does not provide for the exercise of personal

jurisdiction over alleged infringers on a nationwide or other basis.  Plaintiff must therefore

predicate the court's jurisdiction over the infringers on the reach of District of Columbia law.  It

first provides for the exercise of personal jurisdiction over a person domiciled in the District of

Columbia as to "any claim for relief." D.C. Code § 13-422 (2001).  The so-called "long arm"

provision of the personal jurisdiction statute provides, in pertinent part, as follows:

> (a)    A District of Columbia court may exercise personal
>        jurisdiction over a person, who acts directly or by an agent,
>        as to a claim for relief arising from the person's - -
>
>                          * * *
>
> (3)    causing tortious injury in the District of Columbia
>        by an act or omission in the District of Columbia;

D.C. Code § 13-423 (2001).

Thus, unless the infringer is domiciled in the District of Columbia, the question presented

is where the infringement occurred and whether it occurred in the District of Columbia.

---

[3] "It is well settled in this jurisdiction [the District of Columbia Circuit] that a claim for
copyright infringement sounds in tort." <u>Nu Image, Inc. v. Does 1-23,322</u>, — F. Supp. 2d —,
2011 WL 3240562, at *8, n.3 (D.D.C. 2011) (citing <u>Stabilisierungsfonds Fur Wein v. Kaiser</u>,
647 F.2d 200, 207 (D.C. Cir. 1981)).

3

In <u>Nu Image</u>, Judge Wilkins considered this very question and followed the approach taken by the D.C. Circuit in <u>Helmer v. Dolestskaya</u>, 393 F.3d. 201 (D.C. Cir. 2004). <u>Nu Image</u>, 2011 WL 3240562, at *3.  In <u>Helmer</u>, plaintiff, a U.S. citizen, brought suit against his former girlfriend, a Russian citizen, for fraud and breach of contract. <u>Helmer</u>, 393 F.3d. at 203. Specifically, plaintiff claimed that the defendant failed to reimburse him for real and personal property acquired while they were living together in Moscow. <u>Id.</u>  The court of appeals upheld the lower court's finding that the injury occurred outside of the District of Columbia:

> The district court ruled that although [defendant] fraudulently concealed her personal background during her visit to the District of Columbia, the fraud did not cause injury here because [plaintiff] was not "physically present" in the District of Columbia when [defendant] incurred the credit card charges, when [plaintiff] paid the credit card charges, when [plaintiff] purchased the apartment, or when [defendant] registered the apartment in her own name.

<u>Id.</u> at 208.

As a result, the court of appeals held that, because plaintiff failed to demonstrate that defendant's fraud caused him injury in the District of Columbia, the court could not exercise personal jurisdiction over her as to that count. <u>Id.</u> at 209.

In <u>Nu Image</u>, Judge Wilkins ultimately concluded that it was difficult to see how defendants living outside of the District of Columbia could have caused plaintiff tortious injury within the District of Columbia when they downloaded plaintiff's film. <u>Nu Image</u>, 2011 WL 3240562, at *4.  To that end, Judge Wilkins therefore held that discovery prior to the Rule 26(f) conference was warranted if "the Court finds that the Plaintiff has a good faith basis to believe a putative defendant may be a District of Columbia resident if a geolocation service places his/her IP address within the District of Columbia, or within a city located within 30 miles of the

4

District of Columbia." <u>Id.</u>  Thus, Judge Wilkins denied the plaintiff's motion for expedited

discovery as to all defendants and indicated instead that he would only entertain a motion for

expedited discovery on the ISPs to "obtain identifying information only for IP addresses that

Plaintiff has a good faith basis to believe are reasonably likely to correspond to internet accounts

located in the District of Columbia." <u>Id.</u> at *6.

In the case at bar, the issue is where the situs of the injury is with respect to the

simultaneous uploading and downloading of copyrighted material from the Internet.  According

to plaintiff, the illegal infringement took place as follows:

> Over a period of four weeks, from March 23, 2011 to April 22,
> 2011, Defendants, working together via the internet, all sought out
> and obtained a reference file called a ".torrent" file named for
> Plaintiff's motion picture.  This file contained a unique key, known
> as a hash, and various other data, that was then used by Defendants
> to connect to one another in a BitTorrent filesharing swarm.  The
> .torrent file and corresponding swarm in this case were named for
> Plaintiff's file, "*The People I've Slept With*" and were created for
> the express purpose of obtaining unauthorized copies of this film.
> Using any of a variety of BitTorrent programs, each defendant
> connected to this specific swarm that was "sharing" Plaintiff's
> motion picture and each then began downloading Plaintiff's film,
> piece by piece, from other members in the group *simultaneously*.
> Every piece of the film that Defendants successfully downloaded
> was then made instantly available to new members joining the
> group and, if requested by the new members, those pieces were
> uploaded to them, typically in a matter of only minutes.

[#1] ¶12 (emphasis in original).

Irrespective of whether the injury is viewed to be the uploading of the movie, the

downloading of the movie, or both, the focus would be on the physical location of the computers

bearing the unique IP addresses plaintiff claims were involved in the unauthorized distribution of

its film.  <u>See</u> [#4] at 3-4.  For non-resident defendants, that would most likely be outside of the

District of Columbia, unless it were shown that they were visiting the District of Columbia at the time of the alleged infringement.

As concluded by Judge Wilkins in <u>Nu Image</u>, this Court cannot see how it could exercise personal jurisdiction over non-District of Columbia residents under the current facts.  The Court, therefore, will order plaintiff to show cause why it should assert jurisdiction over the person of each John Doe defendant unless it has a good faith belief that that person is domiciled in the District of Columbia which, as Judge Wilkins found, may be premised on "utilizing geolocation services that are generally available to the public to derive the approximate location of the IP addresses identified for each putative defendant." <u>Nu Image</u>, 2011 WL 3240562, at *4.

Finally, the statutory requirements as to venue under the Copyright Act provide additional and equally insurmountable obstacles to this lawsuit remaining in this Court.  Venue is governed exclusively by 28 U.S.C. § 1400, which states the following: "Civil actions, suits, or proceedings arising under any Act of Congress relating to copyrights or exclusive rights in mask works or designs may be instituted in the district in which the defendant or his agent resides or may be found." 28 U.S.C. § 1400(a).  Thus, plaintiff will also have to convince me that venue would be proper in this Court.

An <u>Order</u> accompanies this <u>Memorandum Opinion</u>.

**SO ORDERED.**

_____
JOHN M. FACCIOLA
UNITED STATES MAGISTRATE JUDGE