**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| PEOPLE PICTURES, LLC. §<br>A CALIFORNIA COMPANY, §<br>6223 FRANKLIN AVE., #308, §<br>LOS ANGELES, CA 90028 §<br>§<br>PLAINTIFF, §<br>§<br>VS. §<br>§<br>GROUP OF PARTICIPANTS IN §<br>FILESHARING SWARM IDENTIFIED BY §<br>HASH: 43F4CFD05C115EE5887F680B0- §<br>CA73B1BA18B434A §<br>§<br>DEFENDANTS. § | C.A. NO.: 1:11-cv-01968-JEB-JMF |

**RESPONSE TO SHOW CAUSE ORDER**

On December 23, 2011, the Court issued an Order for Plaintiff to show cause as to why this Court can assert jurisdiction over defendants not domiciled in the District of Columbia or as to whom plaintiff lacks a good faith basis to assert that he or she committed the act that is the premise of the plaintiff's claim for relief in the District of Columbia, and why venue is proper unless the defendant resides in the District of Columbia. Plaintiff now comes before the Court to make such a showing.

**PERSONAL JURISDICTION AND VENUE**

As the Court is aware from numerous other BitTorrent cases filed in this District[1] and

---

[1] *Axel Braun Productions v. Does 2,832*, 1:11-cv-00056 (D.D.C.) (Facciola, J.); *Patrick Collins, Inc. v. Does*, 1:11-cv-00058 (D.D.C.) (Facciola, J.); *West Coast Productions, Inc. v. Does*, 1:11-cv-00057 (D.D.C.) (Kollar-Kottely, C.); *West Coast Productions, Inc. v. Does,* 1:11-cv-00055 (D.D.C.) (Facciola, J.); *Imperial Enterprises, Inc. v. Does*, 1:11-cv-00529 (D.D.C) (Walton, R.); *G2 Productions, LLC v. Does 1-83*, Case No. 1:10-cv-00041 (D.D.C.) (Kollar-Kottely, C.); *Achte/Neunte Boll Kino Beteiligungs GMBH & Co. KG v. Does 1 - 4,577,* Case No. 1:10-cv-00453 (D.D.C.) (Collyer, R.); *Call of the Wild Movie, LLC v. Does 1-331*, 1:10-cv-00455 (D.D.C.) (Urbina, R.); *Maverick Entertainment Group, Inc. v. Does 1 – 1,000*, 1:10-cv-00569 (D.D.C.) (Leon, R.); *Cornered, Inc. v. Does,* 1:10-cv-01476 (D.D.C.); *Donkeyball Movie, LLC v. Does 1 – 171*, 1:10-cv-01520 (D.D.C.) (Kollar-Kottely, C.); *Twentieth Century Fox Film Corporation, et al. v. Does 1-9*, Case No. 1:04-cv-02006 (D.D.C.) (Sullivan, E.)

Plaintiff's own filings in the instant case, the unique nature of BitTorrent technology is such that the vast majority of persons involved in a filesharing swarm at any given time are unlawfully uploading *and* unlawfully downloading the content in question simultaneously. This detail is critical to issues of jurisdiction. If the tortious conduct at issue was exclusively the unlawful *downloading* of the content, then the situs of the downloader would, in most districts, coincide with the situs of the court of proper jurisdiction and proper venue. But when the tortious conduct is the act of infringing distribution (uploading), then the situs to consider is that which is the target of the distribution.

In the instant case, Plaintiff can assert a good faith belief that a minimum of eleven internet connections involved in this filesharing swarm appear to have originated from the District of Columbia. For these individuals, the Court appears to acknowledge that jurisdiction and venue are proper. It would also be reasonable to include the infringers who were distributing the content to these eleven individuals, for it is these individuals who were directing their tortious conduct at the District of Columbia. Absent their actions, the defendants within the District would not have been able to obtain the content or at least would not have been able to obtain it as quickly.

Infringers that enjoy vastly increased download speeds by wantonly directing their connections to multiple jurisdictions must also assume the risk of becoming amenable to each jurisdiction they target with their tortious conduct. In modern instances of internet piracy, we have seen a specific technology revolutionize the manner in which a person could unlawfully obtain motion picture content and other media. So, too, has this specific technology revolutionized copyright plaintiffs' options of where to file their infringement actions.

**PRAYER**

It is for these reasons that Plaintiff prays the Court allow discovery to proceed against the eleven account holders believed to be in the District of Columbia and any other account holder that Plaintiff can directly tie to any of these eleven individuals.  Plaintiff expects this course of action to reduce the total number of possible defendants from 1,506 to less than fifty, thereby also reducing the Court's concerns regarding burdens on the internet service providers and its own burdens of case management.

                              Respectfully Submitted,

                              s/ *E.F. Stone*

                              E.F. Stone
                              United States District Court Bar No. TX0087
                              624 W. University Dr., #386
                              Denton, Texas  76201
                              Phone: 469-248-5238
                              Fax:  310-756-1201
                              E-mail: lawoffice@wolfe-stone.com